Per Curiam.

The direction to the jury was correct, and the verdict returned under that direction must stand; although, upon the whole case, we should have been as well satisfied with a verdict for the defendant.

Judgment on the verdict.

Memorandum. — The Honorable Charles Jackson, having been commissioned, as a justice of this Court, to fill the vacancy occasioned by the death of Mr. Justice Sedgwick, took his seat on the bench a few days before the close of this term.
ADDITIONAL NOTE.
[See Vernon vs. Manhattan, &c., 22 Wend. 183. — Levy vs. Cadet, 17 S. & R. 126. -Foster vs. Andrews, 2 Penns. 160. — Roberts vs. Ripley, 34 Conn. 453.— Whitman vs. Leonard, 3 Pick. 177.— Willis vs. Hill, 2 Dev. & B. 231.— Cotton vs. Evans, 1 Dev. B. Eq. 284.— Vinal vs. Burrill, 16 Pick. 401.—Ault vs. Goodrich, 4 Russ. 430. — Rathbone vs. Drakeford, 6 Bing. 375.
One partner, after dissolution, cannot bind the others, even by the renewal of a partnership note.—National, &c., vs. Norton, 1 Hill, (N. Y.) 572. — So, notwithstanding a power reserved to him in the articles of dissolution, to settle the business of the firm, and for that purpose to use their name. — Ibid. — But the acts of one partner, after dissolution, bind the firm as to all who have previously dealt with them, and received no actual notice of the dissolution. — Ibid. — But see Whitehead vs. The Bank, &c., 2 Watts *67 & Serg. 172. — See Watkinson vs. Bank, &c., 4 Whart. 482. — Booth vs. Quin, 7 Price, 193, n.
After dissolution, one partner cannot confess a judgment against all, for a partnership debt, without express authority. — Bennett vs. Marshall, 2 Miles, 436.
One partner, who is solvent, may, after a secret act of bankruptcy by another, bind the firm by accepting a bill for a previous debt. — Ex parte Robinson, 1 Mont. & Ayr. 18.
The individual note of a partner, payable to the firm, remaining in their possession t'll it was overdue, — held, after dissolution, another partner, though authorized to settle the affairs of the firm, could not negotiate it in their name. — Parker vs. Macomber, 18 Pick. 505.
But where the individual note of a partner, payable to bearer, and made after dissolution, was transferred to the firm by the holders in payment of a debt, — held, the note might be transferred to a stranger by another partner authorized to settle the oartnership concerns —Ibid.—F. H.j